IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Gray Hutchings,<br>        Petitioner,<br>vs.<br>Craig Apker, Warden,<br>        Respondent. | No. CV 12-268-TUC-CKJ (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Respondent's "Motion to Dismiss Petitioner's §2241 Because of Death of Petitioner" (Doc. 10). For the following reasons, the Magistrate Judge recommends that the District Court, after its independent review, grant Respondent's Motion.

**I.     DISCUSSION**

On April 12, 2012, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner complained that his right to due process was violated regarding disciplinary proceedings at the prison that resulted in sanctions. Petitioner requested that the matter be expunged from his file and that the resulting sanctions, which included loss of phone and commissary privileges, be rescinded. On September 12, 2012, the Court directed Respondent to respond to Petitioner's Petition. (Doc. 5). The record reflects that on October 2, 2012, the envelope containing the September 12, 2012 Order sent to Petitioner at the federal penitentiary was returned to the Court as "undeliverable" because Petitioner is no longer at that address. (Doc. 9).

Respondent now seeks dismissal of this action because, in July 2012, Petitioner was

involved in an altercation, and "[a]ccording to Dr. Gregory Hess, Forensic Pathologist, Petitioner died on July 15, 2012 due to blunt force abdominal injury."[1] (Doc. 10, pp. 1-2). Respondent asserts that Petitioner's Petition requesting relief from sanctions imposed as a result of the disciplinary proceeding at issue in his Petition is now moot.

Based upon the representations by Respondent that Petitioner is deceased, this matter should be dismissed as moot.

## II. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review of the record, grant Respondent's "Motion to Dismiss Petitioner's §2241 Because of Death of Petitioner" (Doc. 10) and dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) as moot.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 12-268-TUC-CKJ.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 10th day of December, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge

---

[1] Respondent has offered to file the Pima County Autopsy Report upon the Court's request. (Doc. 10, p.1).